UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
STELLAR BEACH RENTALS, LLC
and JOHN KOZAK,

                                         Plaintiffs,

           -vs-

REDSTONE ADVANCE, INC.,
GAVRIEL YITZCHAKOV a/k/a GABE ISAACOV,
SIMON YITZCHAKOV a/k/a SIMON ISAACOV,
CITY CAPITAL NY LLC D/B/A REDSTONE ADVANCE,
YOEL GETTER, NAIR & LEVIN, P.C.,
JOHN DOES 1-10, and
JOHN DOE INVESTORS 1-10,

                                         Defendants.
---------------------------------------------------------------------X

Civ. A. No. 1:23-cv-00955

**ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER**

**UPON** the annexed Affidavit of the Plaintiffs, by JOHN KOZAK, sworn to the 5th day of February, 2023, upon the Declaration of JONATHAN E. NEUMAN, ESQ., attorney for Plaintiffs, dated February 5, 2023, and upon all the prior papers and proceedings heretofore had herein, it is

**ORDERED**, that Defendants REDSTONE ADVANCE, INC.; GAVRIEL YITZCHAKOV a/k/a GABE ISAACOV, SIMON YITZCHAKOV a/k/a SIMON ISAACOV; CITY CAPITAL NY LLC D/B/A REDSTONE ADVANCE; and YOEL GETTER show cause before a motion term of this Court, at Room ____, United States Courthouse, 500 Pearl Street, in the City of New York, County of New York and State of New York, on _____, 2023, at ____ o'clock in the _____noon thereof, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining Defendants REDSTONE ADVANCE, INC.; GAVRIEL YITZCHAKOV a/k/a GABE ISAACOV, SIMON YITZCHAKOV a/k/a SIMON ISAACOV; CITY CAPITAL NY LLC D/B/A REDSTONE ADVANCE; and YOEL GETTER during the pendency of this action from attaching/levying against any of Plaintiffs' bank accounts or over which Plaintiffs have signing

authority, including but not limited to the Wells Fargo accounts ending in 6979 and 1831; the Truist Bank accounts ending in 9032, 3112, 0445, 7503, 9778, and 9484; and the Bank of America account ending in 7527; and it is further

**ORDERED** that, sufficient reason having been shown therefor, pending the hearing of Plaintiffs' application for a preliminary injunction, pursuant to Rule 65, Fed. R. Civ. P., the Defendants are temporarily restrained and enjoined from issuing any levies/attachments against any of Plaintiffs' bank accounts or accounts over which Plaintiffs have signing authority, including but not limited to the Wells Fargo accounts ending in 6979 and 1831; the Truist Bank accounts ending in 9032, 3112, 0445, 7503, 9778, and 9484; and the Bank of America account ending in 7527; and it is further

**ORDERED** that, sufficient reason having been shown therefor, pending the hearing of Plaintiffs' application for a preliminary injunction, pursuant to Rule 65, Fed. R. Civ. P., Wells Fargo Bank, N.A., Truist Bank, and Bank of America, N.A. are temporarily restrained and enjoined from enforcing or applying any levies/attachments issued by Defendants to Plaintiffs' bank accounts or any account over which Plaintiffs have signing authority, including but not limited to the Wells Fargo accounts ending in 6979 and 1831; the Truist Bank accounts ending in 9032, 3112, 0445, 7503, 9778, and 9484; and the Bank of America account ending in 7527; and Wells Fargo Bank, N.A., Truist Bank, and Bank of America, N.A. are ordered to immediately return all money that has been withdrawn/levied/attached from the Wells Fargo accounts ending in 6979 and 1831; the Truist Bank accounts ending in 9032, 3112, 0445, 7503, 9778, and 9484; and the Bank of America account ending in 7527 as a result of any pre-judgment levy/attachment by CITY CAPITAL NY LLC D/B/A REDSTONE ADVANCE; and it is further

**ORDERED** that security in the amount of $_____ be posted by the plaintiffs prior to _____, 2023, at _____ o'clock in the _____noon of that day; and it is further

**ORDERED** that personal service of a copy of this order and the supporting documents upon which it is based upon Defendants REDSTONE ADVANCE, INC.; GAVRIEL YITZCHAKOV a/k/a GABE ISAACOV, SIMON YITZCHAKOV a/k/a SIMON ISAACOV; CITY CAPITAL NY LLC D/B/A REDSTONE ADVANCE; and YOEL GETTER or their counsel via _____ on or before \_\_\_\_\_ o'clock in the _____noon, _____, 2023, shall be deemed good and sufficient service thereof.

Dated: New York, New York

Issued: _____

_____
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
STELLAR BEACH RENTALS, LLC
and JOHN KOZAK,

                       Plaintiffs,                    Civ. A. No. 1:23-cv-00955

                 -against-

REDSTONE ADVANCE, INC.,
GAVRIEL YITZCHAKOV a/k/a GABE ISAACOV,
SIMON YITZCHAKOV a/k/a SIMON ISAACOV,
CITY CAPITAL NY LLC D/B/A REDSTONE ADVANCE,
YOEL GETTER, NAIR & LEVIN, P.C.,
JOHN DOES 1-10, and
JOHN DOE INVESTORS 1-10,
                       Defendants.
-----------------------------------------------------------------------X

# PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'

# EMERGENCY MOTION FOR A PRELIMINARY INJUNCTION AND TEMPORARY

# RESTRAINING ORDER

Jonathan E. Neuman, Esq.
176-25 Union Turnpike, Suite 230
Fresh Meadows, NY 11366
(347) 450-6710
(718) 228-3689 *facsimile*
jnesq@jenesqlaw.com

*Attorney for Plaintiffs*

February 5, 2023

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ........................................................................................1

STATEMENT OF FACTS ...............................................................................................1

STANDARDS APPLICABLE ..........................................................................................2

ARGUMENT .....................................................................................................................3

I.  PLAINTIFFS SATISFY THE GROUNDS FOR A PRELIMINARY INJUNCTION AND A TEMPORARY RESTRAINING ORDER .......................................................3

CONCLUSION..................................................................................................................7

## TABLE OF AUTHORITIES

**CASES**                                                                                                       **Page(s)**

AFA Dispensing Grp. B.V. v. Anheuser-Busch, Inc.,
  740 F. Supp. 2d 465, 471 (S.D.N.Y. 2010) ................................................................2

Benihana, Inc. v. Benihana of Tokyo, LLC, 784 F.3d 887, 895 (2d Cir. 2015)...............2,3

Christine D. Collins, PC et al v. MCA Receivables, LLC,
  No. 23-cv-00353-AT (S.D.N.Y. Jan. 18. 2023)............................................................6

Cnty. of Nassau, N.Y. v. Leavitt, 524 F.3d 408, 414 (2d Cir. 2008) ................................2

Faiveley Transp. Malmo AB v. Wabtec Corp., 559 F.3d 110, 118 (2d Cir. 2009) ............3

Google LLC v. Starovikov,
  2021 U.S. Dist. LEXIS 252274 (S.D.N.Y. Dec. 16, 2021) ..........................................7

Grand River Enter. Six Nations, Ltd v. Pryor, 481 F.3d 60,66 (2d Cir. 2007) ..................3

Haymount Urgent Care Pc v. Gofund Advance, No. 22-cv-1245 (JSR),
  2022 U.S. Dist. LEXIS 50229 (S.D.N.Y. Mar. 21, 2022) ...........................................6

Inventory Generation Inc. et al v. Silverline Services Inc. et al,
  No. 22-cv-10529-PAE (S.D.N.Y. Jan. 9, 2023) ..........................................................6

**Statutory Provisions:**

18 U.S.C. §1030(a)(2)..........................................................................................................5

18 U.S.C. §1030(g) .............................................................................................................5

Conn. Gen. Stat. § 52-278d..................................................................................................4

Fed. R. Civ. Proc. R. 65(b) ..................................................................................................2

Plaintiffs respectfully submit this Memorandum of Law in support of their emergency motion for a preliminary injunction and temporary restraining order:

## PRELIMINARY STATEMENT

Plaintiffs are in need of a preliminary injunction and immediate emergency temporary restraining order, as Defendant CITY CAPITAL NY LLC D/B/A REDSTONE ADVANCE's bad faith actions have caused Plaintiffs to face immediate, irreparable harm. As Plaintiffs can demonstrate an irreparable harm in the absence of the injunction and either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor, it is respectfully submitted that the Court should grant a preliminary injunction and temporary restraining order, specifically a temporary restraining order directing Wells Fargo Bank, N.A., Truist Bank, and Bank of America, N.A. to unfreeze and put back the money into Plaintiffs' accounts that has been levied, frozen and/or withdrawn as a result of Defendant CITY CAPITAL NY LLC D/B/A REDSTONE ADVANCE's unlawful prejudgment levy/attachment, and a direction not to honor any further levy/attachment attempts by Defendants.

## STATEMENT OF FACTS

Due to the exigency of the situation, Plaintiffs respectfully refer the Court to the Complaint and accompanying Declaration from Plaintiffs. In short, as is relevant to this motion, Defendants fraudulently induced and entered into criminally usurious merchant cash advance loans with Plaintiffs, and then unlawfully used a Connecticut loophole to issue prejudgment levies against Plaintiffs' bank accounts without any prior notice, even though neither party has any real connection to Connecticut and Plaintiffs have no assets in Connecticut. As a result of

the levies, $30,000-$50,000 of Plaintiffs' money has been frozen and withdrawn from their accounts, Plaintiffs no longer have money necessary to fund their operations, and Plaintiffs are in imminent risk of defaulting on a number of real estate closings due to the company's inability to complete necessary work due to the withdrawn/frozen funds. Unless the Court acts immediately, Plaintiffs will not have money to operate their business and will end up breaching their real estate contracts and missing their closing dates, putting Plaintiffs in harm of losing substantial sums of money and irrevocably damaging the reputation that Plaintiffs have spent nearly a decade building. Plaintiffs are in a stranglehold as Defendants continue to try to force Plaintiffs to enter into a "settlement" and release through Defendants' unlawful levies.

**STANDARDS APPLICABLE**

Rule 65(b) of the Federal Rules of Civil Procedure authorizes a court to issue a TRO. The standards for granting a TRO are the same as those governing preliminary injunctions. AFA Dispensing Grp. B.V. v. Anheuser-Busch, Inc., 740 F. Supp. 2d 465, 471 (S.D.N.Y. 2010). To be entitled to a Temporary Restraining Order in this Circuit, a party must demonstrate: "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." Cnty. of Nassau, N.Y. v. Leavitt, 524 F.3d 408, 414 (2d Cir. 2008). "A party seeking a preliminary injunction must demonstrate: (1) 'a likelihood of success on the merits or . . . sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor'; (2) a likelihood of 'irreparable injury in the absence of an injunction'; (3) that 'the balance of hardships tips in the plaintiff's favor'; and (4) that the 'public

interest would not be disserved' by the issuance of an injunction.  <u>Benihana, Inc. v. Benihana of Tokyo, LLC</u>, 784 F.3d 887, 895 (2d Cir. 2015) (ellipsis in original).  Of these factors, "[a] showing of irreparable harm is 'the single most important prerequisite for the issuance of a preliminary injunction." <u>Faiveley Transp. Malmo AB v. Wabtec Corp.</u>, 559 F.3d 110, 118 (2d Cir. 2009) (internal quotation marks omitted).  "To satisfy the irreparable harm requirement, Plaintiffs must demonstrate that absent a preliminary injunction they will suffer 'an injury that is neither remote nor speculative, but actual and imminent,' and one that cannot be remedied 'if a court waits until the end of trial to resolve the harm.'"  <u>Grand River Enter. Six Nations, Ltd v. Pryor</u>, 481 F.3d 60,66 (2d Cir. 2007).

## **ARGUMENT**

### **I.    PLAINTIFFS SATISFY THE GROUNDS FOR A PRELIMINARY INJUNCTION AND A TEMPORARY RESTRAINING ORDER**

As shown in Plaintiffs' Complaint, and discussed in Plaintiffs' accompanying Declaration, the Defendants' bad faith and criminal actions have put a stranglehold on and threaten Plaintiffs' entire business.

Accordingly, Plaintiffs are in dire need of a preliminary injunction, and a temporary restraining order pending the determination of the motion, to prevent Defendants' bad faith actions from irreparably destroying Plaintiffs' business.  Wells Fargo Bank, N.A., Truist Bank, and Bank of America, N.A. must be ordered to unfreeze and/or return the money that has been withdrawn from Plaintiffs' accounts as a result of Defendants' unlawful levies/attachment, and they must be restrained from honoring any further attempts by Defendants.

Here a preliminary injunction and temporary restraining order should be granted.

First, Plaintiffs can demonstrate a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation.  For the reasons

that have been found by multiple courts, including this Court (as set forth in Plaintiffs' complaint), it is clear that Defendants' actions have been criminally usurious and the agreement with Plaintiffs therefore void *ab initio*. On its face, the latest agreement carries an annual interest rate of 80% per annum, or more than 3 times the maximum 25% rate permitted under New York Penal Law. As discussed in the Complaint, however, as Plaintiffs only in fact received $668,000, the interest rate on this loan is far worse, at 450% for the year, or 18 times more than New York's criminal usury rate.

It is also obvious that Defendants have abused the Connecticut statute and that there was no lawful basis to levy Plaintiffs' bank accounts in North Carolina by serving a branch in Connecticut. The official Case Notes appended to Connecticut's prejudgment remedy statute explicitly states "prejudgment remedy statutes intended to apply either before or after a lawsuit is filed to **secure property of defendant in Connecticut** should plaintiff obtain judgment in any court." Conn. Gen. Stat. § 52-278d (emphasis added). As Plaintiffs' property was in North Carolina, not Connecticut, Defendants' use of the prejudgment remedy to freeze Plaintiffs' bank accounts in North Carolina was clearly improper. Moreover, as discussed in the Complaint, Defendants did not even follow the procedure mandated by the Connecticut statutes, as Defendants have not filed any action in Connecticut, thereby precluding Plaintiffs from seeking relief in Connecticut, even had they wanted to. Finally, as can clearly be seen by **EXHIBITS 1-3**, the contracts here were with Defendant REDSTONE ADVANCE, INC., and Defendant CITY CAPITAL NY LLC has no relationship to these contracts whatsoever, and therefore, Defendant CITY CAPITAL NY LLC's prejudgment levy/attachment is clearly improper with no legal basis whatsoever.

Likewise, Plaintiffs can demonstrate a likelihood of success on the merits with regard to their CFAA claim, because as discussed in Plaintiffs' Declaration, Plaintiffs never disclosed to Defendants the existence of any of these bank accounts other than one, which means that the only possible way Defendants could have been aware of the other accounts was by logging into Plaintiffs' one bank account that they had access to in order to search for other potential bank accounts. This would clearly be activity that exceeded Defendants' authorized access (which pursuant to the contract was limited to "verifying the amount of the daily payment"), which Defendants used to obtain information contained in a financial record of a financial institution in violation of the CFAA. *See* 18 U.S.C. §1030(a)(2). 18 U.S.C. §1030(g) explicitly provides that any person who suffers damage or loss by reason of a violation of the section may maintain a civil action against the violator to obtain compensatory damages **and** injunctive relief. As these prejudgment levies/attachments against Plaintiffs' other bank accounts were only obtained through Defendants' obtaining of the existence of this information in financial records of a financial institution in violation of the CFAA, Plaintiffs are clearly entitled to injunctive relief, as the attachment of Plaintiffs' other accounts is the fruit of the poisonous tree.

Accordingly, it is fairly apparent that Plaintiffs can demonstrate a likelihood of success on the merits, or sufficiently serious questions going to the merits to make them a fair ground for litigation.

With regard to the prospect of irreparable injury, this too can be demonstrated. As discussed by Plaintiffs, their business is currently in a stranglehold as the company has no money to operate as a result of all of the money being pulled out of their accounts to satisfy the unlawful levies/attachments by Defendants. Plaintiffs are in imminent default of a number of real estate closings, which will not only put them at threat of being in breach of contract, but will

irrevocably harm their reputation and destroy the business. This would constitute an irreparable harm for which later payment of money damages would be inadequate. *See, e.g.*, Haymount Urgent Care Pc v. Gofund Advance, No. 22-cv-1245 (JSR), 2022 U.S. Dist. LEXIS 50229, at *7-8 (S.D.N.Y. Mar. 21, 2022) ("Haymount has amply demonstrated that it would suffer irreparable harm absent a preliminary injunction. The papers establish that defendants' issuance of UCC lien letters has frozen its bank and health insurance accounts, effectively locking up the urgent care center's finances. If the urgent care center is unable to collect insurance reimbursements, and thus cannot make payroll or purchase medical supplies, there is a material risk of the business's collapse. That would constitute an irreparable harm for which later payment of money damages would be inadequate.")

With respect to the balance of the equities, this too tips in favor of Plaintiffs. Defendants have been engaged in blatantly criminally usurious behavior, and have a history of doing so with other companies, including cases that have been filed in this Court. This Court has already granted injunctive relief against Getter and/or his brother in other pending cases involving very similar actions by Defendants. *See* Christine D. Collins, PC et al v. MCA Receivables, LLC, No. 23-cv-00353-AT at Docket Doc. No. 7 (S.D.N.Y. Jan. 18. 2023); Inventory Generation Inc. et al v. Silverline Services Inc. et al, No. 22-cv-10529-PAE at Docket Doc. No. 29 (S.D.N.Y. Jan. 9, 2023); Haymount Urgent Care Pc v. Gofund Advance, No. 22-cv-1245 (JSR), 2022 U.S. Dist. LEXIS 50229 (S.D.N.Y. Mar. 21, 2022). Defendants are also clearly abusing a Connecticut loophole even though neither party has any real connection to Connecticut, and Plaintiffs have no assets in Connecticut as discussed above. Moreover, Defendants are clearly acting in bad faith since not only did they implement these unlawful levies, but they failed to put Plaintiffs on notice when doing so, did not file any court action as required by Connecticut, and upon

information and belief did not serve the bank with the statutorily-required court documents either, in violation of the very Connecticut loophole on which they rely.  Even worse, the entity that created this fraudulent prejudgment attachment is not even a party to the contract!  Moreover, Defendants are now using these unlawful levies to try to force Plaintiffs into a confession and release.  There is no prejudgment attachment remedy in New York or North Carolina, and thus a preliminary injunction and temporary restraining order would do nothing more than keep the status quo that would have existed absent Defendants' unlawful actions.

Finally, the granting of an injunction would also obviously serve the public interest.  *See, e.g.*, Google LLC v. Starovikov, Civil Action No. 1:21-cv-10260-DLC, 2021 U.S. Dist. LEXIS 252274, at *10 (S.D.N.Y. Dec. 16, 2021) ("[T]he public interest is clearly served by enforcing statutes designed to protect the public, such as RICO, the CFAA, the ECPA, and the Lanham Act.")

Accordingly, it is respectfully submitted that a temporary restraining order and preliminary injunction are patently warranted and should be granted.  Plaintiffs are not asking the Court to determine the ultimate rights of the parties, but rather to simply maintain the status quo until such rights can be determined.

## **CONCLUSION**

For the reasons demonstrated above, it is respectfully submitted that the Court should grant a preliminary injunction and temporary restraining order 1) restraining and enjoining Defendants from issuing any levies/attachments against any of Plaintiffs' bank accounts or over which Plaintiffs have signing authority, including but not limited to the Wells Fargo accounts ending in 6979 and 1831; the Truist Bank accounts ending in 9032, 3112, 0445, 7503, 9778, and 9484; and the Bank of America account ending in 7527; 2) restraining and enjoining Wells Fargo

Bank, N.A., Truist Bank, and Bank of America, N.A. from enforcing or applying any levies/attachments issued by Defendants to Plaintiffs' bank accounts or over which Plaintiffs have signing authority, including but not limited to the Wells Fargo accounts ending in 6979 and 1831; the Truist Bank accounts ending in 9032, 3112, 0445, 7503, 9778, and 9484; and the Bank of America account ending in 7527; and 3) ordering Wells Fargo Bank, N.A., Truist Bank, and Bank of America, N.A. to immediately unfreeze and return all money that has been frozen, levied, attached and/or withdrawn from the Wells Fargo accounts ending in 6979 and 1831; the Truist Bank accounts ending in 9032, 3112, 0445, 7503, 9778, and 9484; and the Bank of America account ending in 7527 as a result of any pre-judgment levy by CITY CAPITAL NY LLC D/B/A REDSTONE ADVANCE; together with such other, further, and different relief as to this Court may be just and proper.

Dated: Fresh Meadows, New York
February 5, 2023

/Jonathan E. Neuman/
JONATHAN E. NEUMAN, ESQ.
*Attorney for Plaintiffs*
176-25 Union Turnpike, Suite 230
Fresh Meadows, NY 11366
(347) 450-6710
(718) 228-3689 *facsimile*
jnesq@jenesqlaw.com