> APPLICATION DENIED
> SO ORDERED
> Vernon S. Broderick
> VERNON S. BRODERICK
> U.S.D.J. 3/2/2023
>
> I granted Plaintiffs' requested temporary restraining order ("TRO") on February 7, 2023. (Doc.8.) No expiration date was set for that TRO, which accordingly, and in the absence of any application for an extension, expired after 14 days after entry pursuant to Fed. R. Civ. P. 65(b)(2). Accordingly, there is no active TRO to modify. If Plaintiffs wish to modify the scope of relief granted in any preliminary injunction, they may file a proposed preliminary injunction in advance of the March 10 hearing on their motion for a preliminary injunction.

**Law Off Jonathan E. (illegible)**
176–25 Union Tur(npike)
Fresh Meadows, (NY)
(347) 450-(...)
FAX (718) 2(...)

**Jonathan E. Neuman, Esq.**
**Attorney & Counselor at Law**

Hon. Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 518
New York, NY 10007

       Re: Stellar Beach Rentals, LLC et al v. Redstone Advance, Inc. et al
          Civ. A. No. 1:23-cv-00955-VSB

Honorable Judge Broderick:

  This firm represents Plaintiffs Stellar Beach Rentals, LLC and John Kozak.

  On February 7, 2023 this Court granted a TRO prohibiting Defendants from attaching or levying any of Plaintiffs' bank accounts or accounts over which Plaintiffs had signing authority. Defendants were served in accordance with the Court's order. The Defendants and banks were given until February 24, 2022 to oppose the motion. No Defendant or bank has opposed the motion.

  Yesterday I became aware that Defendants have withdrawn their proceedings in Connecticut, and have instead asserted UCC Liens and limited powers of attorney with Plaintiffs' booking and payment agents to do an end-around the Court's order and take funds related to Plaintiffs' business. This will have the same effect and outcome that the TRO was intended to prevent, to wit: the destruction of Plaintiffs' business. What makes this worse, is that the funds that Defendants are seeking to take belong to third parties on whose behalf Plaintiffs collect rents.

  Defendants have done this through a firm called Ace Recovery Group, LLC, a purported entity that was created in September 2022 around the same time as at least one Getter MCA entity of which I am aware, and which purports to use the same Manhattan address that that Getter MCA entity purports to use (99 Wall Street, New York, NY). This is a clear attempt to do an end-around the TRO that has been implemented in this case. The same issues that apply to the validity of any purported contract or debt owed thereon apply with equal force to Defendants' use of UCC Liens and powers of attorney directing third parties to turn over all funds to them stemming from that same alleged contract

and debt.

      Because there was some question as to the timing of the UCC liens and use of the purported limited power of attorney, I reached out to "Ace Recovery Group," informed them of the TRO (and copy of same was provided), and asked them to withdraw their purported liens and use of purported powers of attorney to direct third parties to turn over Plaintiffs' funds or funds being held on behalf of Plaintiffs. The representative at Ace Recovery Group informed me today that he spoke with his client and they would not do withdraw anything, and that I would need a Court order.

      Accordingly, Plaintiffs would respectfully ask that the Court modify the TRO and ultimate preliminary injunction relief to include a restraint against the enforcement of any UCC liens and restraining any purported powers of attorney relating to Plaintiffs' funds or funds being held on behalf of any of Plaintiffs or their related entities. Defendants should not be allowed to so flagrantly ignore and abuse the intent of the Court's order. In fact, it is respectfully submitted that sanctions would be wholly warranted, should the Court deem them appropriate.

      I thank the Court for its courtesies and consideration with regard to this case and the urgency of the matter at hand.

                                                                Respectfully submitted,

                                                                Jonathan E. Neuman, Esq.